830 A.2d 911

IN THE MATTER OF CHARLES ANTHONY DIFAZIO, AN ATTORNEY AT LAW (ATTORNEY NO. 010731987).

September 10, 2003.

ORDER

The Disciplinary Review Board having filed its decision with the Court in DRB 03–046, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, based on discipline imposed in Pennsylvania on August 21, 2002, **CHARLES ANTHONY DiFAZIO** of **PHILADELPHIA, PENNSYLVANIA**, who was admitted to the bar of this State in 1987, should be suspended from the

practice of law for a period of five years and until reinstated to practice in Pennsylvania;

And respondent's unethical conduct in Pennsylvania having included gross neglect; lack of diligence; failure to communicate with clients; failure to explain a matter to the extent reasonably necessary to permit the client to make a informed decision about the representation; filing a frivolous law suit; knowingly making a false statement to a tribunal; knowingly making a false statement of material fact to a third person; conduct involving dishonesty; fraud, deceit or misrepresentation; and conduct prejudicial to the administration of justice in violation of *RPC*s 1.1(a), 1.3, 1.4(a) and (b), and 8.4(c) and (d);

And good cause appearing;

It is ORDERED that **CHARLES ANTHONY DiFAZIO** is hereby suspended from the practice of law for a period of five years, and until the further Order of the Court, effective August 21, 2002; and it is further

ORDERED that no application for reinstatement to practice in New Jersey shall be made by **CHARLES ANTHONY DiFAZIO** unless and until **CHARLES ANTHONY DiFAZIO** is reinstated to the practice of law in Pennsylvania; and it is further

ORDERED that **CHARLES ANTHONY DiFAZIO** be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **CHARLES ANTHONY DiFAZIO** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.